UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BRADY CORPORATION,

          Plaintiff,

    v.                                       Case No. _____

GRAPHIC PRODUCTS, INC.,

          Defendant.

---

**COMPLAINT AND JURY DEMAND**

---

      Plaintiff Brady Corporation ("Brady"), in its Complaint against Defendant Graphic

Products, Inc. ("Graphic Products"), alleges as follows:

<u>**INTRODUCTION**</u>

      1.      This is a trademark infringement action for preliminary and permanent injunctive

relief to stop Graphic Products' unlawful bait and switch scheme to leech onto Brady's brand

name and trade on Brady's goodwill to sell competing industrial label maker and printer

products.  Graphic Products unfairly competes against Brady by misusing Brady's trademarks to

intentionally confuse and mislead consumers into thinking they can purchase Brady equipment

from Graphic Products.  Graphic Products falsely claims to have a "huge inventory" of Brady

products and "same day shipping."  However, when a consumer takes the bait and seeks to

purchase a Brady product from Graphic Products, Defendant disparages the Brady product in

1

question, promotes its own products, and, if the customer persists, falsely claims that it does not

have any Brady equipment because it is "out of stock." This is a lie.

2.    In truth, Graphic Products is not a bona fide seller of Brady equipment and its

urging of individuals to contact it to purchase Brady products is solely for the purpose of

promoting its own products to the detriment of Brady. Graphic Products' false marketing of

Brady products is widespread and pervasive. Graphic Products manipulates internet searches so

that its own websites turn up when a consumer searches for Brady products. In furtherance of its

unlawful scheme, Graphic Products utilizes scores of web pages promoting Brady products in

order to convince customers to contact it through such web pages, and has even unlawfully

registered domain names using actual Brady marks or confusingly similar spellings of the marks.

3.    These unfair and deceptive trade practices have and continue to irreparably harm

Brady. Within just the last few days, investigators placed two separate telephone calls and

attempted to purchase 11 of the Brady products advertised for sale on Graphic Products websites

– four in one call and seven in the other call. In one call, the Graphic Products representative

stated that the company did not have the requested Brady products but could offer other, less

expensive, more reliable products – the "DuraLabel" line of products. DuraLabel is Graphic

Products' brand of products specifically designed to compete with Brady.

4.    On the second call, the Graphic Products representative claimed to carry 5 of the

7 Brady products. When discussing each product, however, the representative promoted

DuraLabel products and disparaged the Brady products. When the investigator insisted on

purchasing the Brady products, the representative took credit card and contact information and

promised a confirmation email would follow. Instead of an email, the investigator received a

call on the next business day from a different representative, who confessed that they did not

2

have any Brady products, and that he would have to order the products directly from Brady. The representative again offered to give steep discounts on DuraLabel products.

5.    This "bait and switch" scheme is unlawful and harmful to consumers and Brady for many reasons. Consumers are not only intentionally misled by Graphic Products' false advertisements, but also are affirmatively misled several times during their attempt to purchase Brady products. The damage to Brady and consumers is significant, as potential customers are not just pulled to a Graphic Products web site, but also are tricked into contacting and interfacing with Brady's competitor. The purchasing decisions of individuals, moreover, are tainted by fraud. Graphic Products holds itself out as a seller of Brady products, and when individuals attempt to make a purchase and contact Graphic Products, they would reasonably assume that they are hearing a credible, objective comparison of two competing products. Graphic Products, however, is solely concerned with disparaging Brady and promoting its own products, something that is not evident to consumers in light of Graphic Products' aggressive and zealous marketing of Brady. Graphic Products' will continue to cause irreparable harm to Brady and consumers unless and until it is enjoined from doing so by the Court.

## THE PARTIES

6.    Brady is organized and existing under the laws of the State of Wisconsin, with its principal place of business in the State of Wisconsin. Brady is a leading supplier to the Maintenance, Repair and Operations (MRO) market and to the Original Equipment Manufacturing (OEM) market.

7.    Graphic Products is organized and existing under the laws of the State of Oregon, with its principal place of business in the State of Oregon. Graphic Products sells products for

3

industrial sign and labeling, such as sign and label printers, labeling supplies, safety tutorials, and free resource guides.

**JURISDICTION AND VENUE**

8.      Subject matter jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1338(a), which confer original jurisdiction upon this Court for civil actions arising under the laws of the United States and any act of Congress relating to patents or trademarks, respectively.  In addition, supplemental jurisdiction over related state law claims is conferred upon this Court by 28 U.S.C. § 1367(a).

9.      Graphic Products is subject to the personal jurisdiction of this Court because, among other things, Graphic Products has purposefully availed itself of the benefits of doing business in the State of Wisconsin by advertising goods and services to residents of Wisconsin and by causing injury to Brady within Wisconsin.

10.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) because Graphic Products is subject to personal jurisdiction here, the acts complained of took place within this district, and Brady's principal place of business is in this district.

**BACKGROUND AND GENERAL ALLEGATIONS**
**Brady's Trademarks and Product Lines**

11.      Brady was founded in 1914 in Eau Claire, Wisconsin, as W.H. Brady Co., and renamed Brady Corporation in 1998.  Brady's corporate headquarters are located in Milwaukee, Wisconsin.  The company began selling products internationally in 1947.  In 1984, Brady became a publicly traded company.

12.      Brady began selling custom label products in the 1950s.  Its line of industrial printers and label makers offer on-demand labeling solutions for any industry.  The printers are

4

designed with thermal transfer printing capabilities that allow for durable, clear, professional-looking labels, signs and tags. Brady's product line includes industrial units and hand-held portable printers. Brady also markets a full line of accessories, including labels, to accompany its printers.

      13.     Brady owns over 150 federally registered trademarks. Its registrations include the following marks (collectively referred to throughout as "Brady Marks"), which are registered for goods and services including label printers and/or accessories. Many of the Brady Marks have become incontestable. The registrations for these marks are attached hereto as Exhibit A.

| MARK | FILING DATE | DATE OF FIRST USE IN COMMERCE | REGISTRATION NUMBER |
|------|-------------|-------------------------------|---------------------|
| GLOBALMARK | February 21, 2002 | May 23, 2002 | 2820286 |
| HANDIMARK | March 11, 1998 | September 8, 1998 | 2466000 |
| LABELIZER | August 24, 1992 | March 20, 1992 | 1762842 |
| POWERMARK | April 14, 1999 | October 19, 1999 | 2409461 |
| BMP | August 14, 2008 | May 7, 2009 | 3768473 |
| BBP | August 14, 2008 | September 1, 2008 | 3743075 |
| BRADY | March 1, 1976 | 1944 | 1070467 |

      14.     For over 50 years Brady has been creating a brand for custom label makers. Brady has used the Brady Marks extensively in commerce for many years and has invested heavily in advertising and promoting the Brady Marks and related products. Brady advertises its label printers and related products through face to face demonstrations with customers, including educational webinars, printed catalogs, and in educational articles published in print and on the internet. Brady also promotes its label printers and related products in trade shows and to authorized distributors who promote the products to end users.

5

15.     As a result of its longevity in the market, significant advertising, strong

reputation, and superior products, Brady has built substantial consumer good will associated with

itself and the Brady Marks.

### Graphic Products' Misdirection of the Public

16.     Brady estimates that Graphic Products owns several hundred domain names that it

uses to promote and sell its products.  In addition to the website www.graphicproducts.com,

Graphic Products also maintains and offers to sell products on additional websites, some of

which are:  www.labelingproducts.com, www.labelingequipment, www.brotherlabels.com,

www.industriallabelers.com, www.pipemarkers.com, www.duratype.com,

www.labelprinter.com, www.pipelabels.com, www.duralabelsupplies.com,

www.idcardprinters.biz, www.posterprinter.com, www.customposter.com,

www.labelingmachines.com, www.labeler.net, www.labelers.org, and www.hazmatlabels.com.

Brady expects that there may be other websites run and/or maintained by Graphic Products that it

cannot locate because they are either registered privately or to Graphic Products subsidiaries.

All Graphic Products domain names shall be collectively referred to as the "Graphic Products

Websites."

17.     Graphic Products is using the Brady Marks on the internet to confuse and divert

potential customers of Brady to Graphic Products Websites.  Graphic Products has purchased

and manipulated certain search terms that contain the term "Brady," so that when, for example,

an individual searches for the term "Brady printers," a Graphic Products web site sponsored link,

search result, or advertisement is retrieved.

18.     Graphic Products has, in fact, specifically targeted a host of Brady products and

manipulates search terms so that its websites appear to individuals searching for Brady products.

A non-exhaustive list of such Brady products are: Brady GlobalMark, Brady PowerMark, Brady HandiMark, Brady IDXpert, Brady BBP31 Label Printer, Brady BMP71 Label Printer, Brady BBP72 Portable Label Printer, Brady TLS 2200 handheld label printer, Brady TLS PC Link, Brady IP Label Printer, Brady BLS 850 Laminator, BLS 1200 Laminator, and Brady MiniMark printer.

      19.    Not only do Graphic Products Websites show up on the results of consumers' searches for Brady products, the link leading to Graphic Products Websites advertises Brady products for sale.

          a. A search for the Brady GlobalMark printer produces the following search result:

**Brady GlobalMark** 2 Label and Sign **Printer** - Make Custom Labels
www.labelingproducts.com/**globalmark**/
The **Brady GlobalMark**. A versatile label and sign **printer**. Call for more information: 1-888-326-9244.

          b. A search for the Brady Powermark printer produces the following search result:

**Brady PowerMark** Sign **Printer** - Label **Printer**.com
www.label**printer**.com/labeling.../**powermark**-label-**printer**.html-
We carry the **Brady PowerMark** sign **printer**. Fast shipping of **Brady PowerMark** supplies.

          c. A search for the Brady HandiMark printer produces the following search result:

**Brady HandiMark** Go Anywhere Labeler - Introduction to HandiMark
www.graphicproducts.com › Handheld Labelers

7

There is no other handheld label **printer** that has the capabilities of the **Brady HandiMark**. The **Brady HandiMark** can print on tapes up to 2" wide, allowing it to **...**

      d. A search for the Brady IDXpert produces the following search result:

### Brady IDXpert Handheld Labelers
www.graphicproducts.com › Handheld Label Printers - Cached
The **Brady IDXpert** labelers are the first handheld cartridge based labeling machines that can print die-cut labels, self-laminating labels and sleeves as well as **...**

      e. A search for the Brady BBP31 produces the following search result:

### Brady BBP31 Label Printer
www.**label**ingproducts.com/**bbp31**/ -
The **Brady BBP31** is a quality **label printer**. Learn more about the **Brady BBP31**.

      f. A search for the Brady BMP71 Printer produces the following search

    result:

### Brady BMP71 Label Printer
www.graphicproducts.com/labelers/**brady-bmp71**-label.../index.php - Cached
**Brady's** latest portable label printer combines the abilities of the HandiMark with those of the TLS2200. It handles a 2 inch continuous tape width like the

      g. A search for the Brady BBP72 produces the following search result:

### Brady BBP72 Portable Label Printer
www.labelingproducts.com/**bbp72**/ -
**Brady BBP72** quality label printer filled with features to help you get the job done. Call for more information: 1-888-326-9244.

      h. A search for the Brady TLS 2200 produces the following search result:

### Brady TLS 2200 Printer Introduction
www.labelingequipment.com/**tls2200**.php -
Learn about the **Brady TLS 2200** handheld label printer. Find out what the **Brady TLS 2200** can do for you.

8

i. A search for the Brady IP Label Printer produces the following search

result:

**Brady IP** Label **Printer** - High DPI Label **Printer**
www.graphicproducts.com/labelers/**brady-ip**/index.php - Cached
The **Brady IP** is a high DPI die-cut label **printer**. The **Brady IP** prints pre-sized labels
for a number of applications.

j. A search for the Brady TLS PC Link Label Printer produces the following

search result:

**TLS PC Link Label Printer** - Tapes and **Supplies**
www.graphicproducts.com/**label**ers/**tls-pc-link**/**brady-tlspc-supplies**...
The **Brady TLS PC Link** has 100's of **supplies** available and can handle oversize rolls
of **labels**. Here are some examples showing how the **TLS PC Link** can be **...**

k. A search for the Brady 850 Laminator produces the following search

result:

**Brady** BLS **850 Laminator** -
www.labelingequipment.com/bls**850**_intro.php - Cached
Easy-to-use **Brady** BLS **850** desktop **laminator**. Laminate with no power required.
**Brady** cold film **laminator**. Easy **lamination**.

l. A search for the Brady BLS 1200 Laminator produces the following

search result:

**Brady BLS 1200 Laminator** - Brady Label Printers
www.labelingequipment.com/**bls1200**_intro.php - Cached
Easy-to-use **Brady BLS 1200** desktop **laminator**. Laminate with no power required.
**Brady** cold film **laminator**. Easy **lamination**.

9

m. A search for the Brady MiniMark Printer produces the following search result:

**Brady MiniMark** Labeler - MiniMark Printer
www.labelingequipment.com/**minimark**-intro.php - Cached
Introduction to the **Brady MiniMark** printer. Find out about the **Brady MiniMark** and what it can do.

20.   If a consumer who wants any of these Brady products, but does not know the type or brand name, simply searches for a "Brady printer" or "Brady labeler," one or more of the same search results listed above appear.

21.   Graphic Products has even registered domain names that are confusingly similar to Brady products. Graphic Products, for example, has registered the domain names www.bradylabelers.com, www.bradygraphicspro.com, www.bradypowermark.com, and www.powermarker.com. Graphic Products also has registered www.handimarker.com, www.handymarker.com, and www.handymark.com, which are all a misspelling of Brady's trademark HANDIMARK (Fed. Reg. No. 2,466,000). An individual who types in any of these domain names is automatically redirected to www.graphicproducts.com.

22.   As a result of all of this confusion and manipulation of the public, a substantial amount of internet traffic and a significant number of individuals have been and are being diverted to Graphic Products Websites while searching for Brady products. Graphic Products is using Brady's marks and goodwill to trick members of the public searching for Brady products into visiting its websites.

**Graphic Products' Affirmative Misrepresentations to the Public**

23.   An individual who is diverted to the Graphic Products Websites as a result of the confusion described above does not quickly discover that he or she is on the wrong web page.

10

The individual is not simply briefly confused and only needs to click back to the search results page. Instead, Graphic Products perpetuates the fraud and actively misleads members of the public who access its web site.

24. The Graphic Products Websites purport to sell a variety of Brady products. For every Brady product appearing on the Graphic Products Web Site, the web page describes each item in detail, making it appear that Graphic Products is promoting and offering the particular item for sale. By promoting the Brady products and using the Brady trademarks, Graphic Products urges individuals to contact Graphic Products in the following ways:

    a) **Brady PowerMark printer**.

- "Call today" for "same day shipping from our huge inventory!"

- "Call 1-888-326-9244 today for more information about the Brady PowerMark"

- "If you'd like more information about the Brady PowerMark, use our online email form to request brochures and other literature."

- "We typically respond to email requests within one business day. You can also ask specific questions and request a quote. Or, please feel free to call us at:1-888-326-9244."

- "Would you like more information about the Brady PowerMark? We can answer your questions and send additional information. Please call us (1-888-326-9244) or use our online email form. We respond to emails ASAP, usually within one business day."

- "FREE - Brady PowerMark Sample Labels We'd be pleased to send you some free examples of Brady PowerMark labels."

11

b) **Brady GlobalMark Printer**.

- "Call today" for "same day shipping from our huge inventory!"

- "If you'd like more information about the Brady GlobalMark 2 labeling machine, please give us a call (1-888-326-9244) or use our online email form. We typically answer our emails in less than one business day."

- "We'd be happy to send you a few FREE sample labels printed by the Brady GlobalMark 2. Request your sample labels today!"

c) **Brady Handimark.**

- "Call today" for "same day shipping from our huge inventory!"

- "FREE - Brady HandiMark Sample Labels We'd be pleased to send you some free sample labels made by the Brady HandiMark handheld label printer."

d) **Brady IDXpert Labeler**

- "Call today" for "same day shipping from our huge inventory!"

e) **Brady BMP71 Label Printer**

- "in stock and can be shipped the same day we receive your order"

- "Call today for more information or to order"

- "Purchase a Brady BMP71 Label Printer Today"

- "Please CALL for more information about our Special Package Deals: 1-888-326-9244"

f) **Brady BBP31 Label Printer**

- "in stock and can be shipped the same day we receive your order"

12

- "Call today for more information on the Brady BBP31 or to order"

- "Check availability information and prices as well as purchase the Brady BBP31 labeler online."

- "Brady BBP31 Label Printer Ordering Information"

- "Call today for more information about the Brady BBP31 label printer"

- "Please CALL for more information about our Special Package Deals: 1-888-326-9244"

g)      **Brady BBP72 Label Printer**

- "in stock and can be shipped the same day we receive your order"

- "Call today for more information or to order a Brady BBP72 Double-Sided Printer"

- "Purchase a Brady BBP72 Label Printer Today"

- "Please CALL for more information about our Special Package Deals: 1-888-326-9244"

h)      **Brady IP Thermal Transfer Label Printer**

- "in stock and can be shipped the same day we receive your order"

- "Call today for more information or to order"

- "Check availability information and prices as well as purchase the Brady BBP31 labeler online."

- "Brady IP Thermal Transfer Label Printer Ordering Information"

13

- "Call today for more information about the Brady IP thermal transfer label printer"

### i) **Brady BLS 850 Laminator**

- "Call today" for "same day shipping from our huge inventory!"

### j) **BLS 1200 Laminator**

- "Call today" for "same day shipping from our huge inventory!"

### k) **Brady MiniMark Printer**

- "Call today" for "same day shipping from our huge inventory!"
- Give us a call today at 1-888-326-9244. for more information about the Brady MiniMark and MiniMark supplies.

25.     Through the above uses of the Brady Marks and the foregoing advertising of Brady products, Graphic Products attempts to gain access to potential customers of industrial printers and labelers.  Graphic Products tempts consumers with free Brady samples, offers to answer any questions about the products it purports to sell, and boasts to have same day shipping from a huge inventory.  Graphic Products, moreover, provides a customer with two ways to contact it – over the telephone or by electronic mail.

26.     Once a consumer is convinced to contact Graphic Products, the company refuses to sell any of the Brady products advertised on its websites.  Whether the inquiry is by telephone or electronic email, Graphic Products responds to the inquiry by saying that the particular Brady product is not in stock.  At that point, Graphic Products offers to sell the consumer its own products.

27.     Graphic Products, therefore, uses Brady Marks and products to falsely advertise to the public that it sells Brady equipment.  In fact, Graphic Products is not an authorized

14

distributor or a bona fide merchant of Brady products. Graphic Products uses Brady products solely to mislead unsuspecting individuals and convince them to contact Graphic Products so that it can attempt to sell them its own products.

**Attempts to Purchase Brady Products from Defendant**

28. On September 30, 2011, two investigators placed two separate telephone calls to Graphic Products to ask about different Brady products. On the first call, the investigator called Graphic Products and stated that she needed to purchase the Brady BBP72 Portable Label Printer, the Brady IP Label Printer, the Brady BLS 850 Laminator, and the BLS 1200 Laminator. All of these products are advertised for sale on Graphic Products Websites. The representative who answered the phone responded that he did not have any of those Brady products in stock, but that he could sell her "Dura Label" products – Graphic Products' competing equipment – instead.

29. On the second call, the investigator called Graphic Products and inquired about the other seven Brady products – the Brady MiniMark, the Brady GlobalMark, the Brady BBP31, the Brady PowerMark, the Brady BMP71, Brady IDXPERT, and the Brady HandiMark. Surprisingly, the representative stated that the Brady MiniMark, the Brady GlobalMark, the Brady BBP31, the Brady PowerMark, and the Brady IDXPERT were all available.

30. The representative quoted a price for the MiniMark, but said that the DuraLabel Pro is an "almost identical type printer" and is "typically given away free to a new customer as a way to get a foot in the door."

31. The representative also stated that the Brady GlobalMark has the capabilities to print in color with a four panel color ribbon, but was "very expensive" to print labels and is "very slow." He said he would recommend another printer for "the 99% of the time you don't

15

have to have a four color label … the other printers will print ten to one labels … while the Brady printer grinds along." The representative discouraged the purchase of the Brady GlobalMark because it was "just not a very good fit." As an alternative to the GlobalMark, the representative recommended the DuraLabel Toro as "much more compact and a lot faster and has the same free standing capability" and is significantly less expensive.

32. Regarding the Brady BBP31, the representative said this printer is "almost identical to the DuraLabel Pro" and that the "biggest difference" is that the BBP31 uses bad software. He said the BBP31 is "a good product" but said the supplies for the BBP31 are "30 to 40% more than the DuraLabel supplies, price per foot."

33. The representative also said that, with the DuraLabel printers, the price can be discounted depending on the amount of supplies that are bought with the product. He said for the DuraLabel Toro, "if you buy $1000 worth of supplies with it, we'd knock of $500 on the price right away." He said, "with the Brady you'd pay $1795."

34. The representative offered, as an alternative to the PowerMark, the DuraLabel 9000, which "starts about a thousand dollars less." He stated that the DuraLabel 9000 has the "exact same capabilities" as the PowerMark, but the "supplies are about 40% less."

35. The Graphic Products representative stated that he would not recommend the IDEXPERT, but that the DuraLabel 2000 would be a better purchase.

36. He stated that the Brady BMP71 and the Brady HandiMark were not in stock.

37. The investigator purchased the Brady GlobalMark, the PowerMark, and the IDXPERT, and gave a credit card number, telephone number, mailing address, and email address. The representative said that he would send an e-mail confirmation of the order.

16

38.     On October 3, 2011 – the next business day – the investigator was contacted by a different Graphic Products representative regarding the order of the Brady products. He said he would be "happy to place" the order, but advised that there is "two week lead time" to get the products and he would "essentially place the order with Brady" and then would send the order to the customer. The representative stated that if the investigator definitely wanted the Brady products and did not want to wait, the investigator should order directly from Brady. He said the prices would be the same as from Graphic Products.

39.     The Graphic Products' representative then went on to explain that Graphic Products was a Brady dealer "for a number of years," but went from being "a dealer to a top competitor." He said the DuraLabel printer line is Graphic Products' own line of printers and they are "easier to use" than the Brady printers and the supplies are "30% less expensive."

40.     The representative said he can offer "significant discounts" on the DuraLabel line and that they "discount freely, especially if we're going against Brady." According to the representative, there is "no printer we replace more than the GlobalMark." Further, the representative said Graphic Products offers "free trials" on its printers, and he said he would "have it to you before the Brady guy gets back to you."

•     •     •     •

41.     This marketing scheme is a fraud on the public. Graphic Products uses Brady Marks to lure members of the public to its websites, and then urges individuals to contact it to order a variety of Brady products. In reality, the only purpose of this marketing is to trick and deceive consumers into contacting Graphic Products so that Graphic Products can recommend its own products as superior to Brady products.

17

42.     Consumers are harmed by these tactics by being diverted to websites and misdirected to vendors that do not carry the products they are searching for. Consumers, moreover, may make misguided and uninformed purchasing decisions, as they believe they are talking to a bona find Brady merchant who is providing a credible and disinterested opinion of two competing products, when, in fact, the person they are speaking to is a competitor of Brady who manufactures the recommended product. Graphic Products unlawfully uses Brady Marks to intentionally deceive consumers, create confusion, and unfairly and irreparably harm Brady.

**COUNT I**
**Trademark Infringement**
**(15 U.S.C. § 1114)**

43.     Brady specifically incorporates and references the allegations asserted in each of the preceding paragraphs, as if fully set forth herein.

44.     Graphic Products' conduct constitutes trademark infringement of Brady's registered marks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

45.     Graphic Products is using Brady Marks in interstate commerce in connection with its advertisement and promotion of Brady products, as well as its offering for sale goods and services bearing the Brady marks.

46.     Without authorization or the consent of Brady, Graphic Products has used, and continues to use, the Brady Marks to trigger sponsored links that contain the Brady Marks and divert internet users searching for Brady products to Graphic Products' own web site.

47.     Graphic Products' use of the Brady Marks as a key word, key word tag, meta tag, metadata or in sponsored links constitutes use in interstate commerce and trademark infringement in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114. Its use of the Brady Marks in connection with the sale, distribution, and advertising of its own products is without

18

Brady's permission or authority and is likely to cause confusion, to cause mistake, and to deceive, to the detriment of Brady and its customers.

48.     Graphic Products uses the Brady Marks to divert consumers to its websites and to entice consumers to contact it to inquire about the sale of Brady products. Graphic Products, however, actively deceives the public, as it is not a bona fide seller of Brady products. Graphic Products' use of the Brady Marks, in fact, is solely for the purpose of confusing the public and luring individuals into accessing Graphic Products Websites and contacting Graphic Products. Graphic Products intends for an individual to contact it looking for Brady products, thereby allowing it to sell its own products.

49.     Graphic Products' conduct has caused, and unless restrained by the Court, will continue to cause irreparable injury to Brady.

50.     Graphic Products' conduct has damaged Brady in an amount to be determined at trial.

51.     Graphic Products' aforementioned infringing conduct has been willful, wanton, and malicious and done with intent to deceive. Brady is therefore entitled to an award of its reasonable attorneys' fees and costs, and treble its actual damages.

52.     Brady has no adequate remedy at law, and is further entitled to a preliminary and permanent injunction against Graphic Products' infringing conduct.

**COUNT II**
**Unfair Competition**
**(15 U.S.C. § 1125(a))**

53.     Brady specifically incorporates and references the allegations asserted in each of the preceding paragraphs, as if fully set forth herein.

19

54.    Graphic Products is using Brady Marks in interstate commerce in connection with its advertisement and promotion of Brady products, as well as its offering for sale goods and services bearing the Brady Marks.

55.    Without authorization or the consent of Brady, Graphic Products has used, and continues to use, the Brady Marks to trigger sponsored links that contain the Brady Marks and divert internet users searching for Brady products to Graphic Products' own web site.

56.    Graphic Products' use of the Brady Marks, including without limitation, as key words, key word tags, meta tags, metadata or in sponsored links constitutes use in interstate commerce and trademark infringement in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  Its use of the Brady Marks in connection with the sale, distribution, and advertising of its own products is without Brady's permission or authority and is likely to cause confusion, to cause mistake, and to deceive, to the detriment of Brady and its customers.

57.    Graphic Products uses the Brady Marks to divert consumers to its websites and to entice consumers to contact it to inquire about the sale of Brady products.  Graphic Products, however, actively deceives the public, as it is not a bona fide seller of Brady products.  Graphic Products' use of the Brady Marks, in fact, is solely for the purpose of deceiving and confusing the public and luring individuals into accessing Graphic Products Websites and contacting Graphic Products.  Graphic Products intends for an individual to contact it looking for Brady products, thereby allowing it to sell its own products.

58.    Graphic Products' conduct has caused, and unless restrained by the Court, will continue to cause irreparable injury to Brady.

59.    Graphic Products' conduct has damaged Brady in an amount to be determined at trial.

20

60.     Graphic Products' aforementioned infringing conduct has been willful, wanton, and malicious and done with intent to deceive.  Brady is therefore entitled to an award of its reasonable attorneys' fees and costs, and treble its actual damages.

61.     Brady has no adequate remedy at law, and is further entitled to a preliminary and permanent injunction against Graphic Products' infringing conduct.

**COUNT III**
**False Advertising**
**(15 U.S.C. § 1125(a))**

62.     Brady specifically incorporates and references the allegations asserted in each of the preceding paragraphs, as if fully set forth herein.

63.     Graphic Products' marketing and advertising on the Graphic Products Websites that offer to sell Brady products is literally false or likely to mislead customers.  In fact, Graphic Products does not sell Brady products.

64.     Graphic Products' false claims actually deceived or tended to deceive consumers.

65.     Graphic Products' false claims are and were likely to influence purchasing decisions of consumers.

66.     As a competing seller of industrial printers and labelers, Brady was and is injured by the foregoing misrepresentations of Graphic Products.

67.     As a competing seller of industrial printers and labelers, Brady was and is injured by the direct diversion of sales from itself to Graphic Products.

68.     Graphic Products' conduct has caused, and unless restrained by the Court, will continue to cause irreparable injury to Brady.

69.     Graphic Products' conduct has damaged Brady in an amount to be determined at trial.

21

70.     Graphic Products' aforementioned false advertising has been willful, wanton, and malicious and done with intent to deceive.  Brady is therefore entitled to an award of its reasonable attorneys' fees and costs, and treble its actual damages.

71.     Brady has no adequate remedy at law, and is further entitled to a preliminary and permanent injunction against Graphic Products' false advertising.

**COUNT IV**
**Anti-Cybersquatting Consumer Protection Act**
**(15 U.S.C. § 1125(d))**

72.     Brady specifically incorporates and references the allegations asserted in each of the preceding paragraphs, as if fully set forth herein.

73.     Graphic Products has registered and uses the domain names www.handymarker.com, www.handimarker.com, www.handymark.com, www.bradylabelers.com, www.bradypowermark.com, www.bradygraphicspro.com, www.bls1200.com, www.bls850.com, www.powermarker.com, www.ls250.com, www.ls500.com, www.labellite.com, and www.labelizerplus.com.

74.     Handymark.com, handymarker.com, and handimarker.com are all confusingly similar to Brady's distinctive trademark, HandiMark.  Bradylabeler.com, bradypowermark.com, and bradygraphicspro.com are identical and/or confusingly similar to the distinctive trademark, Brady, and falsely and confusingly suggest that Graphic Products is affiliated with Brady and its family of labelers.  The Brady product line includes the bls1200, bls850, the PowerMark, ls250, ls500,  labellite, and labelizerplus, making www.bls1200.com, www.bls850.com, www.powermarker.com, www.ls250.com, www.ls500.com, www.labellite.com, and www.labelizerplus.com confusingly similar to such Brady Marks.

22

75. Graphic Products registered these domain names in bad faith, and with intent to profit from using the Brady Marks.

76. Graphic Products' conduct has caused, and unless restrained by the Court, will continue to cause irreparable injury to Brady.

77. Graphic Products' conduct has damaged Brady in an amount to be determined at trial.

78. Graphic Products' aforementioned infringing conduct has been willful, wanton, and malicious and done with intent to deceive. Brady is therefore entitled to an award of its reasonable attorneys' fees and costs, and treble its actual damages.

79. Brady has no adequate remedy at law, and is further entitled to a preliminary and permanent injunction against Graphic Products' infringing conduct.

## COUNT V
## Common Law Trademark Infringement

80. Brady specifically incorporates and references the allegations asserted in each of the preceding paragraphs, as if fully set forth herein.

81. Graphic Products' use of the Brady Marks creates the impression to a consumer that Brady and Graphic Products are somehow affiliated and is likely to confuse consumers into purchasing products or services from Graphic Products when they were instead seeking Brady's products or services.

82. Graphic Products' use of the Brady Marks, which are identical to the designations used by Brady, is likely to cause confusion or to cause mistake or to deceive as to the origin, sponsorship or affiliation of the services advertised and sold by Graphic Products.

23

83.     Graphic Products' conduct constitutes direct, vicarious and contributory trademark infringement under the common law.

84.     Graphic Products has damaged Brady in an amount to be determined at trial.

85.     Graphic Products has caused and unless restrained by the Court, will continue to cause irreparable injury to Brady.  Brady has no adequate remedy at law and is entitled to a preliminary and permanent injunction against Graphic Products.

## COUNT VI
### State Law Trademark Infringement
### (Wis. Stat. § 132.033)

86.     Brady specifically incorporates and references the allegations asserted in each of the preceding paragraphs, as if fully set forth herein.

87.     Graphic Products' use of the Brady Marks creates the impression to a consumer that Brady and Graphic Products are somehow affiliated and is likely to confuse consumers into purchasing products or services from Graphic Products when they were instead seeking Brady's products or services.

88.     Graphic Products' use of the Brady Marks, which are identical to the designations used by Brady, is likely to cause confusion or to cause mistake or to deceive as to the origin, sponsorship or affiliation of the services advertised and sold by Graphic Products.

89.     Graphic Products' conduct constitutes direct, vicarious and contributory trademark infringement under the common law.

90.     Graphic Products has damaged Brady in an amount to be determined at trial.

91.     Graphic Products has caused and unless restrained by the Court, will continue to cause irreparable injury to Brady.  Brady has no adequate remedy at law and is entitled to a preliminary and permanent injunction against Graphic Products.

**COUNT VII**
**State Law False Advertising**
**(Wis. Stat. § 100.18)**

92.     Brady specifically incorporates and references the allegations asserted in each of the preceding paragraphs, as if fully set forth herein.

93.     Graphic Products' marketing and advertising on the Graphic Products Websites that offer to sell Brady products is literally false or likely to mislead customers.  In fact, Graphic Products does not sell Brady products.

94.     Graphic Products' false claims actually deceived or tended to deceive consumers.

95.     Graphic Products' false claims are and were likely to influence purchasing decisions of consumers.

96.     As a competing seller of industrial printers and labelers, Brady was and is injured by the foregoing misrepresentations of Graphic Products.

97.     As a competing seller of industrial printers and labelers, Brady was and is injured by the direct diversion of sales from itself to Graphic Products.

98.     Graphic Products' conduct has caused, and unless restrained by the Court, will continue to cause irreparable injury to Brady.

99.     Graphic Products' conduct has damaged Brady in an amount to be determined at trial.

100.     Graphic Products' aforementioned false advertising has been willful, wanton, and malicious and done with intent to deceive.  Brady is therefore entitled to an award of its reasonable attorneys' fees and costs, and treble its actual damages.

101.     Brady has no adequate remedy at law, and is further entitled to a preliminary and permanent injunction against Graphic Products' false advertising.

25

## COUNT VIII
## State Unfair Competition
### (Wis. Stat. § 100.20)

102.    Brady specifically incorporates and references the allegations asserted in each of the preceding paragraphs, as if fully set forth herein.

103.    Graphic Products is using the Brady Marks in commerce in connection with its advertisement and promotion of Brady products, as well as its offering for sale goods and services bearing the Brady Marks.

104.    Without authorization or the consent of Brady, Graphic Products has used, and continues to use, the Brady Marks to trigger sponsored links that contain the Brady Marks and divert internet users searching for Brady products to Graphic Products' own web site.

105.    Graphic Products uses the Brady Marks to divert consumers to its websites and to entice consumers to contact it to inquire about the sale of Brady products.  Graphic Products, however, actively deceives the public, as it is not a bona fide seller of Brady products.  Graphic Products' use of the Brady Marks, in fact, is solely for the purpose of confusing the public and luring individuals into accessing Graphic Products Websites and contacting Graphic Products. Graphic Products intends for an individual to contact it looking for Brady products, thereby allowing it to sell its own products.

106.    Graphic Products' conduct has caused, and unless restrained by the Court, will continue to cause irreparable injury to Brady.

107.    Graphic Products' conduct has damaged Brady in an amount to be determined at trial.

108.     Graphic Products' aforementioned infringing conduct has been willful, wanton, and malicious and done with intent to deceive.  Brady is therefore entitled to an award of its reasonable attorneys' fees and costs, and treble its actual damages.

109.     Brady has no adequate remedy at law, and is further entitled to a preliminary and permanent injunction against Graphic Products' infringing conduct.

**COUNT IX**
**Common Law Unfair Competition**

110.     Brady specifically incorporates and references the allegations asserted in each of the preceding paragraphs, as if fully set forth herein.

111.     Graphic Products is using Brady Marks in commerce in connection with its advertisement and promotion of Brady products, as well as its offering for sale goods and services bearing the Brady Marks.

112.     Without authorization or the consent of Brady, Graphic Products has used, and continues to use, the Brady Marks to trigger sponsored links that contain the Brady Marks and divert internet users searching for Brady products to Graphic Products' own web site.

113.     Graphic Products uses the Brady Marks to divert consumers to its websites and to entice consumers to contact it to inquire about the sale of Brady products.  Graphic Products, however, actively deceives the public, as it is not a bona fide seller of Brady products.  Graphic Products' use of the Brady Marks, in fact, is solely for the purpose of confusing the public and luring individuals into accessing Graphic Products Websites and contacting Graphic Products.  Graphic Products intends for an individual to contact it looking for Brady products, thereby allowing it to sell its own products.

27

114. Graphic Products' conduct has caused, and unless restrained by the Court, will continue to cause irreparable injury to Brady.

115. Graphic Products' conduct has damaged Brady in an amount to be determined at trial.

116. Graphic Products' aforementioned infringing conduct has been willful, wanton, and malicious and done with intent to deceive. Brady is therefore entitled to an award of its reasonable attorneys' fees and costs, and treble its actual damages.

117. Brady has no adequate remedy at law, and is further entitled to a preliminary and permanent injunction against Graphic Products' infringing conduct.

**COUNT X**
**Patent Infringement**
**(35 U.S.C. § 271)**

118. Brady specifically incorporates and references the allegations asserted in each of the preceding paragraphs, as if fully set forth herein.

119. Brady is the assignee of the entire right, title and interest in United States Patent No. 6,364,552 ("the '552 Patent") entitled Method and Apparatus for Recording Used Labels, which validly issued on April 2, 2002. A copy of the '552 Patent is attached hereto as Exhibit B.

120. Graphic Products is infringing the '552 Patent either directly, or by inducing or contributing to the infringement of others, by making, selling, and using DuraLabel Toro™. The DuraLabel Toro™ embodies the patent.

121. Graphic Products' conduct in importing, manufacturing, using, marketing, distributing, selling, and/or supporting the DuraLabel Toro™ infringes the '552 Patent, either literally or under the doctrine of equivalents.

28

122.    Upon information and belief, Graphic Products' infringement of the '552 Patent has been and continues to be willful.

123.    Graphic Products' infringement has caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Brady for which Brady has no adequate remedy at law.  Unless preliminarily and permanently enjoined by this Court, Graphic Products will continue to so infringe the '552 Patent.

## PRAYER FOR RELIEF

**WHEREFORE**, Brady respectfully requests that this Court:

1.      Issue a preliminary injunction and permanent injunction prohibiting Graphic Products from using the Brady Marks, products, and any confusingly similar designations on any of its websites and requiring Graphic Products to discontinue its current infringing practices;

2.      Enter judgment in favor of Brady on the counts asserted herein and award damages in an amount to be determined at trial, including damages in the amount of Graphic Products' profits from its willful infringement of the Brady Marks, doubled and trebled where appropriate;

3.      Award damages pursuant to 15 U.S.C. § 1117 allowing Brady to recover Graphic Products' profits, damages sustained by Brady, and the costs of this action.

4.      Declare this to be an exceptional case pursuant to 15 U.S.C. § 1117 and/or 35 U.S.C. § 285 and award Brady its attorneys' fees;

5.      That Brady recover from Graphic Products increased damages in the amount of three times the amount of Brady's actual damages pursuant to 35 U.S.C. § 284

due to the willful and wanton nature of Graphic Products' infringement of the

'552 Patent;

6.     Enter an Order awarding Brady recovery from Graphic Products of Brady's costs

and disbursements in preparing for and pursuing this action; and

7.     Award Brady the costs incurred in bringing this action, including attorneys' fees;

and

8.     Award Brady such further relief by as it deems just, proper, and equitable.

### JURY DEMAND

Brady demands a trial by jury on all issues so triable.

Dated this 12th day of October, 2011.

/s/Daniel E. Conley
Daniel E. Conley (Bar No. 1009443)
Joseph O. Wilson (Bar No. 1052468)
Johanna M. Wilbert (Bar No. 1060853)

QUARLES & BRADY LLP
411 East Wisconsin Avenue
Milwaukee, WI 53202-4497
Telephone: (414) 277-5000
Fax: (414) 978-8609
E-mail: daniel.conley@quarles.com

OF COUNSEL:

Douglas C. Emhoff
Daniel Chammas
Tamany Vinson Bentz
Melissa McLaughlin
VENABLE, LLP
2049 Century Park East, Suite 2100
Los Angeles, CA 90067

Roger A. Colaizzi
VENABLE, LLP
575 7th Street, N.W.
Washington DC 20004

30