# United States District Court

EASTERN DISTRICT OF WISCONSIN

BRADY CORPORATION,

        Plaintiff,

        v.

GRAPHIC PRODUCTS, INC.,

        Defendant.

**JUDGMENT IN A CIVIL CASE**
Case No. 11-CV-0958

This action came before the court on the parties' consent decree and stipulation for entry of permanent injunction as against Graphic Products, Inc. Now, therefore,

IT IS ORDERED AND ADJUDGED that:

Graphic Products and its principles, affiliates, subsidiaries, parent companies, licensees, successors or assignees, and any and all persons, firms, corporations, or other entities controlled by or in privity with Graphic Products are HEREBY ENJOINED from:

(1)     Advertising, selling, or distributing Brady's products, or representing in any marketing materials, including websites, that Graphic Products sells or distributes Brady's products, except

    (a)     Graphic Products may sell supplies and accessories purchased from Varitronics; and

    (b)     Graphic Products may sell the supplies and accessories for the LS250 it has in inventory as of or on order with Brady as of December 14, 2011, but may not advertise those products for sale.

(2)     Using the following domain names:

bradygraphicspro.com
bradypowermark.com
bradylabelprinters.com
powermarker.com
handimarker.com
handymarker.com
handymark.com
bls1200.com
bls850.com
ls250.com
ls500.com
labellite.com
labelizerplus.com
accentlabelingsystem.com
labelite.com
merlinexpresselite2000.com
merlinexpressxt-extra.com
merlinlabelers.com
merlintape.com
proimagexl.com
stylewriter.com
stylewriterplus.com
veritronic.com
veritronics.com

(3) Using the following trademarks, or any colorable imitations thereof (collectively referred to herein as "Brady Marks"), except as set forth herein:

GLOBALMARK
HANDIMARK
LABELIZER
POWERMARK
BMP
BBP
BRADY

(4) Registering any domain names that incorporate the Brady Marks or Brady product names incorporating Brady Marks.

(5) Using the Brady Marks or Brady product name incorporating the Brady Marks in the meta tags of any websites owned by Graphic Products.

(6) Purchasing any keyword advertising that incorporates the Brady Marks or Brady product names incorporating the Brady Marks prior to December 14,

2

2012. After December 14, 2012, Graphic Products may purchase keyword advertising that incorporates the Brady Marks or Brady's product names incorporating the Brady Marks provided that the advertising clearly identifies Graphic Products as the advertiser and does not state or imply that Graphic Products is selling Brady products.

(7) Using any trademark belonging to Brady in any marketing media, including but not limited to websites, Twitter, Facebook, YouTube, blogs, faxes, e-blasts, mailers, or catalogs, except in connection with truthful comparative advertising regarding the features, benefits, and price of Graphic Products' and Brady's respective products.

(8) Using its video ad, in which a sledgehammer is used to destroy a Brady product, or video ad in which any Brady product is destroyed.

If Brady contends that Graphic Products has violated this stipulated injunction, or is using a Brady trademark, Brady product name, or other designation, including future marks, names, or designations as part of Graphic Products' marketing or advertising, then Brady will identify the violation in writing to Graph Products pursuant to the parties' settlement agreement. Graphic Products will have twenty-one (21) days to correct the violation, satisfy its obligations, or respond to Brady's notice. If the parties cannot resolve the dispute, then Brady may seek injunctive relief in a court with jurisdiction respecting this matter.

APPROVED: s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
Chief U. S. District Judge

JON W. SANFILIPPO
Clerk

12/30/12
Date

s/C. Fehrenbach
(By) Deputy Clerk